RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/11/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANGELO A. GONZALEZ | DOCKET NO. 12-CV-1555; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus (28 U.S.C. §2254) filed by pro se Petitioner Angelo A. Gonzalez[1]. Petitioner is an inmate in the custody of the Louisiana Department of Corrections (DOC) and he is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He challenges a sentence imposed following a guilty plea to simple battery on a correctional employee.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Procedural History*

On October 18, 2001, Gonzalez plead guilty in Louisiana state court to two counts of attempted second degree murder and one count of felon in possession of a firearm. That same date, he was sentence to concurrent fifteen-year imprisonment terms for each count. While serving his fifteen year sentences at Winn Correctional Center, Plaintiff was charged by Bill of Information with two counts of aggravated battery in violation of Louisiana

---

[1] Gonzalez is also known as Angel Gonzales [Doc. #1-3, p.5]

Revised Statute 14:34 and one count of simple battery on a correctional employee in violation of 14:34.5[2]. Plaintiff plead guilty on March 22, 2005, to Count 3 in exchange for the dismissal of Counts 1 and 2. Plaintiff was sentenced that day to five years of imprisonment, the maximum under the statute.

Apparently, in 2009, while housed at Rayburn Correctional Center, Plaintiff was charged again by Bill of Information with battery on a correctional facility employee, in violation of La. R.S. 14:34.5. Plaintiff provided a copy of the Bill of Information, but did not provide any documentation of the conviction or sentence. Plaintiff alleges that he was sentenced on February 22, 2011 to a term of imprisonment of six months. [Doc. #1-3, p.2] Plaintiff complains that, because the sentences are inconsistent (5 years and 6 months), allegedly for the same offense, the longer sentence is illegal.

On June 13, 2011, Plaintiff filed a motion to correct an illegal sentence in the Eighth Judicial District Court. The Court denied the motion because the sentence was not illegal. The Court cited the statute to which Plaintiff plead guilty: 14:34.5 which provides that whoever commits the crime of battery of a correctional facility employee shall be fined not more than five hundred dollars and imprisoned not less than fifteen days <u>nor more</u>

---

[2] Plaintiff was charged with committing a battery on Officer Gary Langley on May 6, 2004, a correctional employee at Winn Correctional Center. [Doc. #1-3, p.23]

2

than six months without benefit of suspension of sentence. **However**, the statute goes on to state that, **if** at the time of the commission of the offense, the offender is **under the jurisdiction and legal custody of the Department of Public Safety and Corrections, or is being detained** *in any jail, prison, correctional facility*, juvenile institution, temporary holding center, halfway house, or detention facility, the offender shall be fined not more than one thousand dollars and **imprisoned with or without hard labor without benefit of parole, probation, or suspension of sentence for not less than one year nor more than five years**. Such sentence shall be consecutive to any other sentence imposed for violation of the provisions of any state criminal law. Thus, because Petitioner was incarcerated at Winn Correctional Center and was in the legal custody of the Department of Public Safety and Corrections, his sentence was not illegal.

Plaintiff sought writs in the Louisiana 2nd Circuit Court of Appeal. The Court considered Gonzalez's motion an application for post-conviction relief, which was untimely, and denied writs. Louisiana v. Gonzalez, No. 46,778-KH (La.App. 2 Cir. 2011). [Doc. #1-3, p.7] Petitioner sought writs in the Louisiana Supreme Court, which were denied without comment on May 4, 2012. [Doc. #1-3, p.16] Gonzalez then filed this petition under 28 U.S.C. 2254.

### Law and Analysis

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide

3

a one-year statute of limitations for the filing of an application for writ of habeas corpus by a person such as petitioner who is in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). **Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period.** Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998). Federal courts may raise the one-year time limitation *sua sponte*. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner plead guilty on March 22, 2005 to Count 3 of his Bill of Information, and he was sentenced that day. Thus, for AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], when the delays for seeking direct review lapsed. Under the provisions of La. C.Cr.P. art. 914, petitioner had a period of 30 days after sentencing within

which to file a Motion for Appeal or, until on or about April 22, 2005. Since Petitioner's judgment of conviction and sentence became final under the AEDPA on April 22, 2005, <u>he had one year, or until on or about April 22, 2006, to file his federal habeas corpus petition</u>. Petitioner cannot rely on the tolling provisions of 28 U.S.C. §2244(d)(2). He states that he did not file an application for post-conviction relief. Even considering his Motion to Correct an Illegal Sentence as an Application for Post-Conviction Relief, the document was not filed until June 13, 2011. By that time the AEDPA period of limitations had long since expired and could not be revived by the timely filing of the state proceeding. Thus, the available evidence establishes that the instant petition is time-barred.

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir. 1999)(quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." <u>In re Wilson</u>, 442 F.3d 872, 875 (5th Cir. 2006). The Supreme Court

has noted, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner concludes that he was "misled" by the state of Louisiana because he believes his sentence should have been no more than six months. However, this is a conclusory allegation, and Plaintiff has provided no factual allegations in support of his theory. Moreover, the five year maximum sentence is clearly set forth in the statute. Plaintiff has not alleged that he was prevented in some extraordinary way from asserting his rights by timely filing his habeas claims.

### Conclusion

**For the forgoing reasons, IT IS RECOMMENDED** that this petition for habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

**Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days**

after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

Thus done and signed at Alexandria, Louisiana, this 10th day of December, 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE